UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA SLADE, individually and as the representative of a class of similarly situated persons,

          Plaintiff,

– against –

ART OF BEAUTY COMPANY, INC., d/b/a Zoya.com, et al.,

          Defendants.

Case No. 1:19-cv-07952-JPO

## CONSENT DECREE

WHEREAS, Plaintiff Linda Slade ("Slade") and Defendants Zoya Company and Art of Beauty Company, Inc. (collectively, "Zoya") are parties to this civil action (the "Action") and the Court has personal jurisdiction over the parties and subject matter jurisdiction over the claims asserted in the Action;

WHEREAS, Zoya Company is an Ohio corporation.

WHEREAS, Art of Beauty Company, Inc. is an Ohio corporation.

WHEREAS, Slade is an individual who resides in New York.

WHEREAS, Zoya owns and operates websites at zoya.com, artofbeauty.com, qtica.com, qticasmartspa.com, and nakedmanicure.com (collectively the "Websites").

WHEREAS, Zoya sells and advertises Zoya nail polishes and related cosmetic goods on the Websites.

WHEREAS, Slade is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer.

WHEREAS, Slade filed this Actin against Zoya for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, 28 C.F.R. Part 36 (the "ADA"); the New York State Human Rights Law (the "NYSHRL"); the New York State Civil Rights Law (the "NYSCRL"); the New York City Human Rights Law (the "NYCHRL"); N.Y.C. Admin. Code §8-101 et seq.; and declaratory relief (the "Action"), as a putative class action;

WHEREAS, Slade alleges that Zoya operates a place of public accommodation and that the Websites are a good or service of a place of public accommodation, as those terms are understood under the ADA, NYSHRL, NYSCRL, and NYCHRL;

WHEREAS, Slade alleges that the Websites are not fully accessible to the visually impaired, and that they therefore violates the ADA, NYSHRL, NYSCRL, and NYCHRL;

WHEREAS, Zoya has remedied the issues with the Websites that were cited in Slade's complaint that could potentially be considered non-compliance with the ADA.

WHEREAS, the parties agree that the Websites are now ADA compliant, in substantial conformance with the Web Content Accessory Guidelines ("WCAG") 2.1, and sufficiently accessible to Slade and visually-impaired persons like her.

WHEREAS, the parties, in consideration of the terms and conditions of a Confidential November 6, 2019 Settlement Agreement (the "Settlement"), hereby stipulate to the foregoing facts, consent to the dismissal of the entire Action with prejudice, and request entry and enforcement of a permanent injunction by consent decree on the terms and conditions set forth herein.

NOW, THEREFORE, based on the parties' Settlement, the foregoing stipulated facts, and the Court's conclusion that permanent injunction relief is warranted, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Zoya shall use Reasonable Efforts to maintain substantial conformance with the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Website will be accessible to persons with vision disabilities.

For purposes of this Consent Decree, "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this paragraph shall be subject to the dispute resolution procedures set forth in Paragraph 8 of this Agreement. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts regarding the cost, difficulty or impact on the Website which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic for its Website related operations

2. If Zoya is unable to achieve and/or maintain substantial conformance with the applicable WCAG standard despite having used Reasonable Efforts to achieve and/or maintain conformance, it shall be deemed to have complied with Paragraph 1 of this Consent Decree. In achieving and/or maintaining such conformance, Zoya may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web

Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Zoya, in reasonably relying upon any of the foregoing, fails to achieve and/or maintain substantial conformance with the applicable WCAG standard, Zoya will have nonetheless met their obligations under this Agreement.

3. Zoya's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites which Zoya does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. If the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Zoya may have utilized are not required by applicable law, Zoya may, in its discretion, cease the conformance efforts described above.

4. If Slade believes that Zoya as violated the Consent Decree obligations set forth herein, she must give written notice (including reasonable particulars) of such violation to Zoya and identify the violation. Zoya must then respond to such written notice of violation no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured.

5. If Zoya cures the alleged breach within the Cure Period, then Zoya shall have no liability whatsoever to Slade or her counsel, and thus shall have no liability for any alleged

money damages, attorneys' fees, expenses, or costs.

6. If Zoya does not cure the alleged violation within the Cure Period, or any extension thereof, Slade may seek enforcement of the Consent Decree from the Court.

7. Except for what may be required in the Settlement, each party shall bear its own attorneys' fees, costs, and expenses in this action.

8. This Consent Decree resolves all claims against Zoya and therefore is the final judgment against Zoya in the case.

IT IS SO ORDERED.

Dated: January 6, 2020

New York, New York

_____
J. PAUL OETKEN
United States District Judge

SIGNED AND STIPULATED BY:

_____
Dan Shaked
Attorney for Linda Slade

11/22/19
Date

_____
Matthew J. Cavanagh
Attorney for Zoya Company and
Art of Beauty Company, Inc.

11/22/19
Date